J-S01019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK Y. THOMAS | |
| Appellant | No. 541 EDA 2015 |

Appeal from the PCRA Order January 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1126921-1991

BEFORE: GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.: **FILED FEBRUARY 03, 2016**

Appellant, Derrick Y. Thomas, appeals *pro se* from the January 22, 2015 order, dismissing as untimely his fifth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A prior panel of this Court has summarized the relevant factual and procedural background of this case as follows.

> On February 7, 1990 Appellant and co-defendants lured the victim to one of co-defendant's homes. The victim had been a witness to a murder and planned to testify against Appellant's and co-defendants' friend. A short time after arriving at the home, Appellant and co-defendant's hit the victim in the head with a baseball bat, tied his hands behind his back, and repeatedly sliced the victim's neck with a machete. A jury trial was held from February 25, 1993 to March 16, 1993. The jury convicted Appellant of first-degree murder, retaliation against

a witness, criminal conspiracy, and possessing an instrument of crime [PIC]. … On April 20, 1994, the court sentenced Appellant to life imprisonment for the murder conviction, and a concurrent sentence of four (4) to fourteen (14) years' imprisonment for the remaining convictions. Appellant did not file a direct appeal. On April 28, 1995, Appellant filed a PCRA petition to reinstate his direct appeal rights *nunc pro tunc*. The [PCRA] court granted Appellant's petition on June 19, 1996. On June 12, 1997, this Court reversed Appellant's judgment of sentence for [PIC] and affirmed the remaining judgments of sentence. Appellant filed a petition for allowance of appeal, which the Supreme Court denied on December 9, 1997.

Appellant timely filed *pro se* his first PCRA petition on April 21, 1998. The [PCRA] court appointed counsel, who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 ([Pa.] 1988) and **Commonwealth v. Finley**, 550 A. 2d 213 (Pa. Super. 1988) (*en banc*). On April 7, 1999, the [PCRA] court issued notice of its intent to dismiss Appellant's petition pursuant to [Pennsylvania Rule of Criminal Procedure] 907. … [T]he [PCRA] court dismissed the petition on May 20, 1999. On April 27, 2000, this Court determined counsel's "no-merit" letter was defective and vacated the order dismissing Appellant's petition and remanded for appointment of new counsel. The PCRA court appointed new counsel, who also filed a "no-merit" letter. The [PCRA] court once again dismissed Appellant's petition, and this Court affirmed the dismissal on January 22, 2003. On October 3, 2003, Appellant filed a second PCRA petition. The PCRA court dismissed the petition as untimely on November 17, 2003, and this Court affirmed the dismissal on December 10, 2004. Appellant filed a third PCRA petition on January 10, 2008, which the [PCRA] court dismissed as untimely on December 4, 2009. Appellant appealed the dismissal but filed a *praecipe* for discontinuance on March 10, 2010.

- 2 -

***Commonwealth v. Thomas***, 102 A.3d 523, (Pa. Super. 2014) (unpublished memorandum at 1-3) (parallel citation omitted). Appellant filed his fourth PCRA petition, and the PCRA court denied said petition as untimely on April 8, 2014. ***See id.*** Appellant filed the instant, fifth petition for PCRA relief on June 30, 2014. On August 8, 2014, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, and Appellant filed a response on August 28, 2014. On January 22, 2015, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal on February 13, 2015.[1]

On appeal, Appellant raises the following issues for our consideration.

> [I]. Whether the [PCRA] court committed an injustice and manifest abuse of discretion and committed an error in dismissing Appellant's PCRA [petition] as untimely, when Appellant is showing due diligence regarding exculpatory evidence, to prove he is a [sic] actual innocent person[?]
>
> [II.] Whether trial counsel was ineffective for failing to investigate and interview alibi witness[?]
>
> [III.] Whether [the] prosecutor used perjured and false testimony to obtain a tainted conviction[?]

Appellant's Brief at 3.

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court issued a Rule 1925(a) opinion on March 13, 2015, explaining the reasons for its dismissal.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;

instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the

- 5 -

petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the instant case, as the previous panel noted, "Appellant's judgment of sentence became final on or about March 8, 1998[.]" **Thomas**, **supra** at 5. Appellant's petition fifth petition was filed on June 30, 2014, and is therefore patently untimely. **See generally** 42 Pa.C.S.A. § 9545(b)(1). However, Appellant avers that the newly discovered fact exception applies. Appellant's Brief at 6.

Our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. *Commonwealth v. Edmiston*, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

Instantly, Appellant avers that his sister's affidavit stating she told trial counsel that Appellant was asleep at home at the time of the crimes, is a newly-discovered fact for the purposes of Section 9545(b)(1)(ii).[2] Appellant's Brief at 6; PCRA Court Opinion, 3/13/15, at 4; Appellant's PCRA Petition 6/30/14, at 3. Appellant's petition alleges that he "recently learned [from] his sister that she told his trial attorney that [Appellant] was home [a]sleep during the time that the assault and killing took place." Appellant's PCRA Petition 6/30/14, at 3. Appellant further argued that he and "his sister [have] been separated in their relationship for many years due to irreconcilable differences." *Id.* Appellant continues, "[h]owever, [he] brought up his case and surprisingly he learned that his sister was home while he was [a]sleep." *Id.* Appellant further argues that he exercised due diligence because "[e]ven had [Appellant] been in contact with his sister, he would not have known to ask her about the night of the crime, because [Appellant] could not clearly remember where he was the night of the

_____

[2] Appellant does not set forth any other time bar exceptions regarding his remaining issues asserting claims of actual innocence and ineffective assistance of counsel. Therefore, the PCRA court and this Court lack jurisdiction to consider the merits of these issues and we do not address them. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (stating, "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits[]"); *Commonwealth v. Fahy*, 737 A.2d 214, 223, (Pa. 1999) (explaining that a claim of actual innocence pertains to the merits of a timely second or subsequent PCRA petition, but does not amount to an exception to the PCRA time-bar).

crime." Appellant's Brief at 7. Appellant further alleges that at the time, he frequently spent nights with a female friend, so he assumed the night of the crime he was at her residence. *Id.*

The PCRA court concluded that Appellant had not satisfied the newly-discovered fact exception to the time-bar based on the following cogent analysis.

> Here, [Appellant]'s claim entitled to him to neither an evidentiary hearing nor relief because he failed to establish that the information contained in his filings could not have been discovered previously. Nearly twenty-five years after he was convicted, [Appellant] claims [he] only recently learned that his sister offered his trial counsel alibi evidence asserting that [Appellant] was "home [a]sleep during the time that the assault and killing took place." Despite the fact that [Appellant] surely knew where he asserts he was and knew that his sister could support his alibi he raised this claim for the first time in his fifth PCRA petition. Clearly, [Appellant] did not exercise due diligence with respect to this claim.
>
> It is further noted that relief was properly denied because he has not shown that he exercised due diligence to obtain this evidence or why it could not have been discovered sooner. "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Thus, [Appellant] failed to establish that he was duly diligent and his failure to do so precluded review on this issue by this Court because [Appellant] failed to overcome the time bar.

PCRA Court Opinion, 3/13/15, at 4-5.

After careful review, we conclude Appellant has not met his burden under Section 9545(b)(1)(ii). As the PCRA court noted, Appellant first raised this claim in his fifth PCRA petition, filed more than 24 years since the crimes took place. Although Appellant and his sister may have been estranged, the due diligence requirement demanded that in those 24 years, Appellant attempt to reach out to his sister to see if she had any information that could help him. Therefore, we agree with the PCRA court that Appellant has not shown that his petition was timely under Section 9545(b)(1)(ii). *See Bennett*, *supra*; *Williams*, *supra*.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's January 22, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

- 10 -